IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EUGENE D. LAMBLIN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FRANK J. BISIGNANO,<br>Commissioner of Social Security<br>Administration,[1]<br><br>　　　　　Defendant. | CV 24-58-BLG-TJC<br><br>**ORDER** |

　　　　Plaintiff Eugene D. Lamblin ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) of the Social Security Act, requesting judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") regarding the denial of his claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  (Doc. 2.)  The Commissioner subsequently filed the Administrative Record ("A.R.").  (Doc. 7.)

　　　　Presently before the Court is Plaintiff's motion for summary judgment, seeking reversal of the Commissioner's denial of disability benefits and remand for an award of disability benefits, or alternatively for further administrative

---

[1] Commissioner Frank J. Bisignano is substituted in the place of Martin O'Malley pursuant to Federal Rule of Civil Procedure 25(d).

proceedings.  (Doc. 10.)  The motion is fully briefed and ripe for the Court's review.  (Docs. 15, 18.)

For the reasons set forth herein, and after careful consideration of the record and the applicable law, the Court finds the ALJ's decision should be **REVERSED** and **REMANDED** for further administrative proceedings.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits on July 2, 2021.  (A.R. 193-95.)  A hearing was held before Administrative Law Judge Bonnie Hannan (the "ALJ") on May 10, 2023.  (A.R. 36-72.)  On May 31, 2023, the ALJ issued a written decision finding Plaintiff not disabled.  (A.R. 17-31.)  Plaintiff requested review of the decision, and the Appeals Council denied Plaintiff's request.  (A.R. 1-6.)  Thereafter, Plaintiff filed the instant action.  (Doc. 2.)

## II.   LEGAL STANDARDS

### A.   Scope of Review

The Social Security Act allows unsuccessful claimants to seek judicial review of the Commissioner's final agency decision.  42 U.S.C. §§ 405(g), 1383(c)(3).  The scope of judicial review is limited.  The Court must affirm the Commissioner's decision unless it "is not supported by substantial evidence or it is based upon legal error."  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).  *See also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("We may

reverse the ALJ's decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence."); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Tidwell*, 161 F.3d at 601 (citing *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997)). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Flaten*, 44 F.3d at 1457. In considering the record as a whole, the Court must weigh both the evidence that supports and detracts from the ALJ's conclusions. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975). The Court must uphold the denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Flaten*, 44 F.3d at 1457 ("If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary."). However, even if the Court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a

conclusion. *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978) (quoting *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968)).

### B. Determination of Disability

To qualify for disability benefits under the Social Security Act, a claimant must show two things: (1) the claimant suffers from a medically determinable physical or mental impairment that can be expected to last for a continuous period of twelve months or more, or would result in death; and (2) the impairment renders the claimant incapable of performing the work he previously performed, or any other substantial gainful employment which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A). A claimant must meet both requirements to be classified as disabled. *Id*.

The Commissioner makes the assessment of disability through a five-step sequential evaluation process. If an applicant is found to be "disabled" or "not disabled" at any step, there is no need to proceed further. *Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005) (quoting *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000)). The five steps are:

1. Is claimant presently working in a substantially gainful activity? If so, then the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

5. Is the claimant able to do any other work? If so, then the claimant is not disabled. If not, then the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

*Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

Although the ALJ must assist the claimant in developing a record, the claimant bears the burden of proof during the first four steps, while the Commissioner bears the burden of proof at the fifth step. *Tackett v. Apfel*, 180 F.3d 1094, 1098, n.3 (citing 20 C.F.R. § 404.1512(d)). At step five, the Commissioner must "show that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id*. at 1100 (quoting 20 C.F.R. § 404.1560(b)(3)).

### III. THE ALJ'S FINDINGS

The ALJ followed the five-step sequential evaluation process in considering Plaintiff's claim. First, the ALJ found Plaintiff had not engaged in substantial

gainful activity since his amended alleged onset date of August 31, 2020. (A.R. 19.)

Second, the ALJ found that Plaintiff had the following medically determinable severe impairments: bilateral carpal tunnel syndrome, status post surgeries; right trigger finger, status post surgery; hypertension; sacroiliac joint ankylosis; osteoarthritis; hip disorder; knee disorder; cervical spine disorder; and lumbar spine disorder. (A.R. 19.)

Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any one of the impairments in the Listing of Impairments. (A.R. 20-21.)

Fourth, the ALJ concluded Plaintiff has the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can frequently handle, finder, and feel bilaterally; can occasionally climb stairs; can never climb ladders, ropes, or scaffolds; can frequently balance (balance as defined in the Selected Characteristics of Occupations); can occasionally stoop; can occasionally kneel; can occasionally crouch; can occasionally crawl; can never work at unprotected heights; can never work with moving mechanical parts; can occasionally work in humidity and wetness; can occasionally work in dust, odors, fumes, and pulmonary irritants; can never work in extreme cold; can never work in extreme heat; and can occasionally work in vibration.

(A.R. 21.)

The ALJ next found that Plaintiff was unable to perform his past relevant work, but could perform other jobs, such as price marker, mail sorter, and garment

sorter. (A.R. 27-30.) Thus, the ALJ found that Plaintiff was not disabled. (A.R. 30-31.)

IV. **DISCUSSION**

Plaintiff presents the following issues for review: (1) whether the ALJ erred in determining the residual functional capacity ("RFC") in accordance with SSR 96-8p; (2) whether the ALJ properly evaluated his subjective symptom testimony; (3) whether the vocational expert's testimony regarding available jobs in the economy could be relied upon; and (4) whether Plaintiff's impairments were properly incorporated into the vocational expert's hypothetical. Plaintiff also raises a challenge to the validity of the 2017 medical-evidence regulations, which govern the evaluation of medical opinions.

A. **Determination of RFC**

Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence. Specifically, Plaintiff argues the ALJ erred in finding that he can "frequently handle, finger, and feel bilaterally." (A.R. 21.)

The RFC is a measure of "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1); *see also* SSR 96-8p, 1996 WL 374184, at \*2. Social Security Ruling 96-8p requires the ALJ to assess a claimant's RFC based on "*all* of the relevant evidence in the case record" including, medical history and medical signs and laboratory findings. SSR 96-8p, 1996 WL 374184,

at *5 (emphasis in original).  The ALJ is not permitted to "cherry pick" from the record to determine the RFC.  *Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) *See also Hoffschneider v. Kijakazi*, 2022 WL 3229989, *1 (9th Cir. Aug. 10, 2022) (finding the "ALJ erred in determining the RFC by ''cherry-pick[ing]' from ... mixed results.'"); *Dessert v. Berryhill*, 2018 WL 3361146, *3 (S.D. Cal. July 10, 2018) ("The ALJ is not permitted to "cherry-pick" only the part of the medical record that supports his decision."); *Maia v. Colvin*, 2017 WL 715360, *18 (D. Conn. Feb. 23, 2017) ("The ALJ cannot cherry pick the medical source opinions and the treatment records to support [his] RFC determination."); *Rodriguez v. Colvin*, 2016 WL 3023972, *1 (D. Conn. May 25, 2016) (finding the ALJ improperly "'cherry picked' the medical source opinions that supported his residual functional capacity ('RFC')").

Here, in discussing the RFC determination, the ALJ selectively cited the medical record to support her finding regarding Plaintiff's manipulative limitations.  For example, the ALJ relied on one treatment note, from December 23, 2022, wherein Plaintiff reportedly "denied dropping things."  (A.R. 27 (citing A.R. 773).)  But the ALJ ignored multiple other records that stated Plaintiff had issues with dropping items and hand weakness.  (*See e.g.* A.R. 723 (noting Plaintiff had hand/joint pain bilaterally, "with slight weakness, and difficulty with dexterity, as he says he drops things a lot."); A.R. 744 (noting Plaintiff has "issues with

8

weakness in his hands.  He indicates his problem is that he drops things a lot because he does not feel them."); A.R. 745 (noting "Positive for numbness in hands, decreased strength in hands"); A.R. 799 ("He gets some numbness in the ring and small finders of both hands.  He feels like his hands are weak.").

Moreover, in several instances, the ALJ selectively highlighted unremarkable exam findings from the treatment notes, while disregarding other negative findings contained in the same notes.  (A.R. 26-27.)  For example, the ALJ cited a September 20, 2021 record and stated it showed normal findings related to Plaintiff's lungs, cardiovascular rate, gait, motor strength, and mental status.  (A.R. 27-27 (citing A.R. 548).)  But the ALJ ignored that the record also stated Plaintiff was "[p]ositive for numbness in his hands with decreased hand grip strength."  (A.R. 548.)  Similarly, the December 23, 2022 record the ALJ cited for its statement that Plaintiff denied dropping things, also indicated Plaintiff described "joint redness and swelling and difficulty closing his hands."  (A.R. 773.)  The ALJ also cited a November 5, 2020 record for indicating Plaintiff "had no complaints of numbness or tingling in the hand."  (A.R. 24 (citing A.R. 573).)  But that treatment note further stated Plaintiff reported his right thumb "has had triggering and catching in it for quite a while now and it is very painful.  It is to the point where he is actively having to extend it at times."  (A.R. 573.)

An ALJ is not permitted to cherry pick isolated evidence from the record but must instead consider the record evidence as a whole. *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). In light of the ALJ's selective citation to the record, the Court finds the ALJ's RFC determination is not supported by substantial evidence.

The ALJ's error at step four likely infected the remainder of the decision. Accordingly, remand for further proceedings, including proper consideration of Plaintiff's manipulative limitations, is appropriate.

**B.  Evaluation of Subjective Symptom Testimony**

Plaintiff next argues that the ALJ improperly discounted his subjective symptom testimony regarding his limitations.

A claimant's testimony is analyzed in two steps. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether the claimant has presented objective evidence of an impairment or impairments that could reasonably be expected to produce the pain or other symptoms alleged. *Id.* Second, if there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if the ALJ provides "specific, clear and convincing reasons" for doing so. *Id.* "In order for the ALJ to find [the claimant's] testimony unreliable, the ALJ must make 'a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily

discredit claimant's testimony.'" *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  As noted by the Ninth Circuit, "[t]his is not an easy requirement to meet.  The clear and convincing standard is the most demanding required in Social Security cases." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)).

To assess a claimant's subjective symptom testimony, the ALJ may consider (1) ordinary credibility techniques, (2) unexplained or inadequately explained failure to seek or follow treatment or to follow a prescribed course of treatment, and (3) the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *Fair v. Bowen*, 885 F.2d 597, 603–04 (9th Cir. 1989).  An ALJ may also take the lack of objective medical evidence into consideration. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

Here, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause his symptoms.  Therefore, the ALJ was required to cite specific, clear, and convincing reasons for rejecting

Plaintiff's subjective testimony about the severity of his symptoms. The Court finds the ALJ failed to do so.

The ALJ's discussion of Plaintiff's credibility is sparse. The ALJ stated she found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (A.R. 22.) Then, the ALJ summarized the medical evidence. (A.R. 22-24.) In that discussion, the ALJ's most direct reference to Plaintiff's credibility was to state the record "indicates that the claimant had [a] positive response to treatment," and to cite three medical records. (A.R. 24-25.) The ALJ also summarized Plaintiff's reported activities and concluded they "suggest that he retained functional abilities." (A.R. 24.)

In *Brown-Hunter v. Colvin*, 806 F.3d 487, 493-494 (9th Cir. 2015), the Ninth Circuit emphasized that the ALJ must identify specifically *which* of the claimant's statements he found not credible and *which* evidence contradicted that testimony. *Id.* 493-494. The Ninth Circuit held an ALJ fell short of providing specific, clear, and convincing reasons for rejecting a claimant's testimony by merely reciting the medical evidence in support of his residual functional capacity finding. *Id.* at 489. The Court explained summarizing the medical record "is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Id.* at 494 (emphasis in original).

Here, the ALJ's decision failed to specify which of Plaintiff's statements about his limitations she found not to be credible, and failed to connect those statements to specific evidence. It is unclear, for example, which of Plaintiff's statements the ALJ found to be inconsistent with his daily activities. It might be inferred that the ALJ did not believe Plaintiff's statements about his hands, in light of his ability to take care of personal needs. (A.R. 22, 24.) But the Court is not permitted to piece together the evidence identified by the ALJ and draw conclusions where the ALJ did not. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts."); *Brown-Hunter*, 806 F.3d at 494 (explaining the district court may not draw inferences from the ALJ's summary of the medical record to find a basis for the adverse credibility determination where the ALJ did not himself draw those conclusions).

Without the required specificity, the Court cannot meaningfully review the ALJ's decision to determine whether the ALJ arbitrarily discredited Plaintiff's testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *Brown-Hunter*, 806 F.3d at 492 ("[A]lthough we will not fault the agency merely for explaining its decision with 'less than ideal clarity,' . . . we still demand that the agency set forth the reasoning behind its decision in a way that allows for meaningful review.") (citation omitted).

/ / /

Because the ALJ failed to point to the specific parts of Plaintiff's testimony she found not credible, and failed to link that testimony to particular parts of the record, the ALJ erred. *Brown-Hunter*, 806 F.3d at 494. Accordingly, the Court finds that the ALJ's credibility finding is not supported by specific, clear, and convincing reasons.

### C.     Vocational Expert Testimony Regarding Jobs in the Economy

Next, Plaintiff argues that the vocational expert erroneously identified jobs at the hearing that are considered obsolete. Specifically, Plaintiff argues the vocational expert improperly cited surveillance system monitor and call out operator as representative occupations.

The ALJ did not, however, rely on either of those occupations in determining whether Plaintiff could perform other work. (A.R. 28-29.) To the contrary, the ALJ found Plaintiff was not disabled because he "would be able to perform the requirements of representative occupations such as price marker . . . mail sorter . . . and garment sorter[.]" (A.R. 29.) Accordingly, any error in the vocational expert's identification of surveillance system monitor or call out operator as representative occupations is harmless. "A decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005).

/ / /

14

### D. Vocational Expert's Hypothetical

Plaintiff also argues the ALJ failed to incorporate all his impairments and limitations into the hypothetical questions posed to the vocational expert.

Hypothetical questions posed to the vocational expert must set out all of the claimant's limitations and restrictions. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). "The testimony of a vocational expert 'is valuable only to the extent that it is supported by medical evidence.'" *Magallanes*, 881 F.2d at 756 (quoting *Sample v. Schweiker*, 694 F.2d 639, 644 (9th Cir. 1982)). If the assumptions in the hypothetical are not supported by the record, then the vocational expert's opinion that the claimant has a residual working capacity has no evidentiary value. *Embrey*, 849 F.2d at 422.

As discussed above, the Court has determined the ALJ erred in determining Plaintiff's RFC and in discrediting his subjective symptom testimony. These errors infected the hypothetical the ALJ relied on, and in turn, the ALJ's determination that Plaintiff could perform work. Therefore, the ALJ's determination at step five is not supported by substantial evidence.

### E. Consideration of Medical Opinion Evidence

Finally, although Plaintiff did not identify the issue in his "Statement of Issues Presented for Review," in his opening brief he challenges the validity of the agency's revised 2017 regulations governing the evaluation of medical opinions.

(Doc. 10 at 22-24.)  The Ninth Circuit has determined the 2017 medical-evidence regulations are valid.  *Cross v. O'Malley*, 89 F.4th 1211, 1215-17 (9th Cir. 2024) ("The Social Security Administration's 2017 medical-evidence regulations fall within the broad scope of the Commissioner's authority under the Social Security Act, and the agency provided a reasoned explanation for the regulatory changes, making the regulations neither arbitrary nor capricious under the APA.")  *See also Williams v. O'Malley*, 2024 WL 3519774, *1, n.1 (9th Cir. July 24, 2024) (stating the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2023) "does not undercut *Cross*").  Plaintiff's argument, therefore, fails in light of binding circuit precedent.

Plaintiff also makes a passing assertion in his opening brief that the ALJ "failed to grant weight to findings and opinions of the physicians and surgeons based upon consistency and supportability[.]"  (Doc. 10 at 6.)  Plaintiff does not, however, specify which physicians' opinions are at issue.  Because Plaintiff makes only a cursory reference to this issue in his brief with no accompanying argument, the Court finds he has not sufficiently placed the ALJ's consideration of the physician opinions in issue.  *See Poynter v. Saul*, 2020 WL 1304489, *15 (D. Nev. Mar. 19, 2020) citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to

16

mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones.").

The Court, therefore, finds no error with regard to the ALJ's consideration of the medical opinion evidence.

### F.     Remand or Reversal

"[T]he decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." *Reddick v. Chater*, 157 F.3d at 728.  If the ALJ's decision "is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)).  "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded.  Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

The Court finds remand for further proceedings is appropriate.  On remand, the ALJ shall reassess Plaintiff's RFC based on all the relevant evidence in the record, reconsider Plaintiff's credibility, and reassess whether Plaintiff can perform other work in the national economy based upon a hypothetical to the vocational expert that incorporates all of the limitations supported by the record.

17

## V. CONCLUSION

Based on the foregoing, **IT IS ORDERED** that the Commissioner's decision be **REVERSED** and this matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED this 19th day of September, 2025.

                                        _____
                                        TIMOTHY J. CAVAN
                                        United States Magistrate Judge